RICHARD A. SALVATORE, ESQ.
State Bar No. 6809
HARDY LAW GROUP
96 & 98 Winter Street
Reno, NV 89503
(775) 786-5800
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LINDA ENGLISH,

      Plaintiff,

      vs.

WAL-MART STORES, INC., a Delaware
Corporation dba WAL-MART; A, B and C
CO-PARTERSHIPS, X, Y and Z
ASSOCIATIONS; and DOES I through X,
inclusive,

      Defendants.

_____/

Case No.  3:10-cv-00080-ECR-VPC

**CASE MANAGEMENT REPORT
PURSUANT TO THE COURT'S
MINUTE ORDER IN CHAMBERS**

      The parties through their undersigned counsel hereby submit the following Case Management Report, pursuant to the Court's Minute Order In Chambers

      **A.**     **Case Management Report:**

      **1.**     **Short Statement of the Case.**

      Plaintiff filed claims for personal injury as a result of negligent maintenance at Defendant's Wal-mart Store.  Plaintiff alleges she slipped and fell on a floor, which was negligently maintained, and sustained personal injuries.  As a result of the fall, Plaintiff alleges she fell hitting her left shoulder, forearm and head on a soda machine.  Plaintiff alleges it was the duty of the Defendants, and each of them, to use ordinary care and diligence to construct, keep and maintain the safety of the grounds at WAL-MART so as to be in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff, LINDA ENGLISH, or expose her to an unreasonable risk of harm to her, in her lawful use of the

1

store.

Plaintiff further alleges it was the duty of the Defendants, and each of them, to exercise reasonable care to protect Plaintiff, LINDA ENGLISH, by construction, inspection and/or adequate warning and other affirmative acts including making sure the floor was properly secured from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses at WAL-MART.

Plaintiff further alleges that it was the duty of the Defendants, and each of them, to have available sufficient personnel and equipment to properly construct, inspect and maintain the grounds at WAL-MART in a condition reasonably safe for Plaintiff, LINDA ENGLISH, and free from conditions rendering it unsafe.  Plaintiff alleges Defendant Wal-mart breached their duties.

Plaintiff alleges as a direct and proximate result of the lack of Wal-mart's exercising reasonable care, she suffered severe, serious and disabling personal injuries to her body, including but not limited to, a left shoulder fracture and neck and back injuries resulting in surgery. Plaintiff also made a claim for past and future wage loss, and claims for pain and suffering and loss of enjoyment of life.

Defendant generally denies the allegations, and sets forth the following affirmative defenses: failure to state a claim; comparative fault; plaintiff's failure to exercise ordinary care; and, failure to mitigate damages.

**2.      Principle factual and Legal Disputes.**

This is a standard negligence case in which duty, breach, causation and damages are at issue.

Defendant contests the negligence claims, and asserts comparative fault and failure to mitigate.

**3.      Jurisdiction.**

This Court has jurisdiction pursuant to 28 U.S.C. ss 1132 and ss 1441(a), inasmuch as the citizenship of Plaintiff is diverse from that of Defendants (disregarding defendants designated by fictitious names), and the amount in controversy exceeds $75,000.

**4.      Parties Not Served.**

At this time, none.

///

**5.      Whether additional parties expect to be added or whether pleadings need to be amended.**

At this time, none.

**6.      A list of contemplated motions.**

At this time, none.

**7.      Pending motions which may affect the parties' ability to comply with a case management order.**

At this time, none.

**8.      Related Cases.**

None.

**9.      Further discussion on discovery.**

Both Plaintiff and Defendant need to conduct additional discovery – none of which presents a current issue.

Neither party has any suggested revisions to discovery limitations imposed by Federal Rules of Civil Procedure. In regards to LR 26.(1)(e), Plaintiff and Defendant jointly filed a Stipulated Discovery Plan And Scheduling Order with a Special Scheduling Review Requested, which set forth discovery deadlines beyond the limitations set forth in LR 26.(1)(e). Additionally, as fully set forth in response to #12 herein, Plaintiff and Defendant further agreed to move discovery deadline dates to the dates set forth in #12, because substantial discovery remains.

**10.      Issues related to electronic discovery.**

At this time, none.

**11.      Issues of privilege and work product.**

At this time, none.

**12.      The Court has not approved a discovery plan and scheduling order, and the parties propose the following:**

       a.      Deadline for the completion of fact discovery:  November 3, 2010

       b.      Expert disclosure: October 3, 2010. Rebuttal Expert: November 3, 2010

       c.      Deadline to complete expert depositions: December 3, 2010.

d.       Deadline for good faith settlement discussions: December 31, 2010.

**13.       Jury Request, and whether it is contested.**

At this time, Defendant is in the process of filing a request for jury.  In the event Defendant does not file the same, Plaintiff will file a request for jury. In any event, the request for jury is not contested by either party.

**14.       Estimated length of Trial.**

Five (5) days.

**15.       Settlement.**

Both parties must perform additional discovery in advance of settlement discussions.

**16.       Any other matter.**

At this time, none.

/ss/ Richard Salvatore
RICHARD A. SALVATORE, ESQ.
HARDY LAW GROUP
96 & 98 Winter Street
Reno, Nevada 89503
(775) 786-5800
Attorney for Plaintiff

/ss/ Stephen Kent
STEPHEN S. KENT, ESQ.
KENT LAW PLLC
201 W. Liberty Street, Suite 320
Reno, Nevada 89501
(775) 324-9800
Attorney for Defendant