**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| LINDA ENGLIST, | ) | 3:10-cv-00080-ECR-VPC |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| WAL-MART STORES, INC., a Delaware, Corporation dba WAL-MART; A, B, and C CO-PARTNERSHIPS, X, Y and Z ASSOCIATIONS; and DOES I through X, inclusive, | ) | |
| Defendants. | ) | |

This is a slip-and-fall case arising out of an accident at a Wal-Mart store in Washoe County, Nevada.

**I. Factual Background**

Plaintiff is a resident of Washoe County, Nevada. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is the owner and operator of a property known as Wal-Mart, located in Washoe County, Nevada. (Compl. ¶¶ 1-2 (#1 Ex. 1).) On or about February 3, 2008, Plaintiff was walking from the bathroom to the check-out counter at Wal-Mart where she left her cart. (Id. ¶ 6.) During the walk, Plaintiff slipped, allegedly as a result of a negligently maintained floor,

and fell, hitting her left shoulder, forearm and head on a soda machine. (Id.)  As a result of this fall, Plaintiff sustained "severe physical injury," including a left shoulder fracture and neck and back injuries.  (Id. ¶¶ 6, 12)  Plaintiff alleges that her fall and the resulting injuries were caused by the negligence of Defendant, "who failed to properly construct, maintain and/or inspect the floors and/or failed to warn Plaintiff" of the danger.  (Id. ¶ 11.)  She contends that as a result of her injuries, she has been absent from her employment and will in the future be absent from her employment, resulting in a loss of earnings and earning capacity. (Id. ¶ 14.)

## II. Procedural Background

Plaintiff filed her complaint (#1 Ex. 1) in state court on January 25, 2010.  On February 11, 2010, Defendant filed a petition (#1) for removal of the action to this Court.  On September 17, 2010, Defendant filed a motion (#11) for summary judgment. Plaintiff responded (#15) and Defendant replied (#19).  On November 2, 2010, Plaintiff filed a motion (#16) to strike Defendant's answer for spoliation of evidence and for summary judgment as to liability. Defendant opposed (#20) and Plaintiff replied (#27).  The motions are ripe, and we now rule on them.

## III. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists.  N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court

2

must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

    The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form — namely, depositions, admissions, interrogatory answers, and affidavits — only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (i) it must determine whether a fact is material; (ii) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (iii) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

**IV. Defendant's Motion (#11) for Summary Judgment**

Defendant argues that summary judgment should be granted because Plaintiff "has admitted in her deposition that she has no evidence that there was anything on the floor, nor that Defendant proximately caused her fall, that a dangerous condition even existed or that Defendant had notice of any dangerous condition." (MSJ at 1 (#11).) Defendant contends that no material issue of fact exists because Plaintiff admitted in her deposition that she did not know

4

what caused her fall. (Id.)  Further, Plaintiff's son admitted in his deposition that he quickly checked the area after Plaintiff's fall and did not find anything that would explain Plaintiff's fall. (Id.)  In addition, a written statement and affidavit from a Wal-Mart employee who inspected the area after Plaintiff's fall indicates that there was no evidence of any substance on the floor where Plaintiff slipped.

The Nevada Supreme Court has held that the "general rule in section 146 [of the Restatement (Second) of Conflict of Laws] requires the court to apply the law of the state where the injury took place." Gen. Motors Corp. v. Eighth Judicial Dist. Court, 134 P.3d 111, 117 (Nev. 2006).  The injury in this case took place at Wal-Mart in Washoe County, Nevada, and therefore, Nevada law applies. (MSJ at 1 (#11).)  In Nevada, to prevail on a negligence theory, a plaintiff generally must establish duty, breach of that duty, causation, and damages. Perez v. Las Vegas Medical Center, 805 P.2d 589, 590-591 (Nev. 1991).  Defendant may prevail on a motion for summary judgment by negating at least one of the elements of negligence. Id. at 591.

In this case, Defendant owed a duty of care to Plaintiff because Plaintiff was a customer in Defendant's establishment. "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993).  However, a business will only be liable in a slip-and-fall due to a foreign substance if the foreign substance was on the floor because of actions of the business owner or one of its agents, or if the business had "actual or constructive

5

1  notice of the condition and failed to remedy it." Id. at 322-323.
2  See also  Asmussen v. New Golden Hotel, 392 P.2d 49, 50 (1964);
3  Eldorado Club, Inc. v. Graff, 377 P.2d 174, 175 (1962).
4       Because Plaintiff is the non-moving party to this motion, we
5  look upon the any evidence regarding the existence of a dangerous
6  condition or defect in or substance on the floor in Plaintiff's
7  favor. Bagdadi, 84 F.3d at 1197 (9th Cir. 1996).  Here, Plaintiff
8  has not alleged any facts in the complaint that would support a
9  finding that there was a dangerous condition or defect in or
10 substance on the floor.  In Plaintiff's deposition, however, she
11 allges that she "slipped on something slippery on the floor." (Opp.
12 to MTD Ex. 1 at 77 (#15).)  In addition, Plaintiff submits a flyer
13 on safety (the "Flyer") distributed by Defendant as evidence that
14 Defendant was on notice or knew or should have known that their
15 maintenance practices were creating a dangerous condition on the
16 floor.  The Flyer notes that an area deemed "Action Alley" is the
17 "#1 area for Slip/Trip/Falls" at the store and outlines steps
18 employees should take to prevent slips, trip and falls. (Id. Ex. 3.)
19 Finally, Plaintiff presented evidence in the form of an "Interior
20 Specifications Report" by Kenneth D. Newson (the "Report") which
21 claims that "[i]t can be established to a scientific certainty . . .
22 that [sic] Mal-Mart's maintenance protocol, performed on an unsafe
23 floor finish, caused the slip and fall [sic] off Linda English."
24 (Id. Ex. 2.)  The Report is not in the form of a declaration,
25 affidavit or deposition.  We therefore will not consider the Report,
26 as it is hearsay.

In Sprague, the court noted that whether Lucky Stores, Inc. was under constructive notice of the presence of a grape on the floor was a question of fact. Id. at 323. In that case, the plaintiff presented evidence that Lucky Stores, Inc. knew that produce was frequently on the floor and that the produce was hazardous. Id. Therefore, "[a] reasonable jury could have determined that the virtually continual debris on the produce department floor put Lucky on constructive notice" of a hazardous condition. Id.

Here, Plaintiff has presented evidence in the form of the Flyer to indicate that Defendant knew that slips, trips and falls frequently occurred in a certain area of the store. At the summary judgment stage, we find that a reasonable jury could find that the information contained in the Flyer is sufficient to indicate that Defendant was under constructive notice of a dangerous condition on the floor where Plaintiff slipped. These circumstances alone, however, are not enough. Even if there was a slippery substance on the floor, and Defendant knew about it and did not warn customers of it, Plaintiff's fall has to be caused by Defendant's failure to clean or to warn Plaintiff of the substance. Here, Plaintiff has submitted very little evidence regarding causation. The argument seems to be that because there was a slippery substance on the floor and Plaintiff fell on the floor, there is sufficient evidence to find that the substance was the cause of her fall. Defendant, however, does not offer any evidence in support of another cause of Plaintiff's fall. We therefore find at the summary judgment stage that a reasonable jury could find that Plaintiff's slip and fall was

7

caused by Defendant's failure to clean or to warn Plaintiff of the substance.

The evidence of both notice and causation is slim. However, because Plaintiff has presented some evidence that, if taken in the light most favorable to Plaintiff, there was a slippery substance on the ground and Defendant had constructive notice of the presence of such substance, a jury may find that the substance was the cause of Plaintiff's fall, and so Defendant's motion (#11) for summary judgment will be denied. We conclude that there exists a genuine issue of material fact, namely, whether there was a slippery substance on the floor that caused Plaintiff's injuries.

### **V. Plaintiff's Motion (#16) to strike Defendant's answer for Spoliation of Evidence and for Summary Judgment as to Liability**

Plaintiff moves the Court to strike Defendant's answer (#1 Ex. 3) and enter judgment as to liability because Defendant failed to preserve the video surveillance tape of the fall, photographs of the floor and sweep sheets on the area where the fall occurred at Defendant's premises. (Mot. to Strike at 1 (#16).)

Spoliation occurs where the subject evidence is wholly unavailable, materially altered, mutilated or destroyed. See Black's Law Dictionary 1437 (8th ed. 2004); Silvestri v. Gen. Motors Corp., 217 F.3d 583, 590-93 (4th Cir. 2001). Spoliation requires that records be "destroyed with a culpable state of mind," although the degree of culpability may vary. In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006). A party engages in willful spoliation of evidence when he "had some notice

8

1  that the evidence was potentially relevant" to the litigation before
2  it was destroyed. <u>United States v. $40,955.00 in U.S. Currency</u>, —
3  F.3d —, 2009 WL 174911 at *5 (9th Cir. Jan. 27, 2009).  In the
4  absence of willful destruction of evidence, spoliation may also
5  include actions which are "negligent and possibly reckless."
6  <u>Zubulake v. UBS Warburg LLC</u>, 220 F.R.D. 212, 221 (S.D.N.Y. 2003).
7  In order to show this lesser form of spoliation, the movant must
8  "demonstrate that a reasonable trier of fact could find that the
9  missing e-mails would support [the movant's] claims."

10     "A party does not engage in spoliation when, without notice of
11 the evidence's potential relevance, it destroys the evidence
12 according to its policy or in the normal course of business."
13 <u>$40,955.00</u>, 2009 WL 174911 at *5(citing <u>United States v. Kitsap
14 Physicians Serv.</u>, 314 F.3d 995, 1001-02 (9th Cir. 2002).

15     Spoliation also does not occur absent a duty to preserve the
16 evidence or documents.  "The duty to preserve documents attaches
17 'when a party should have known that the evidence may be relevant to
18 future litigation.'" <u>In re Napster</u>, 462 F. Supp. 2d at 1068(quoting
19 <u>Zubulake</u>, 220 F.R.D. at 216).  The future litigation must be
20 "probable," which has been held to mean "more than a possibility."
21 <u>Id.</u>(quoting <u>Hynix Semiconductor Inc. v. Rambus, Inc.</u>, 2006 WL 565893
22 at *21 (N.D. Cal. 2006)).

23     Here, the subject evidence is wholly unavailable. (Mot. to
24 Strike at 1 (#16).)  Plaintiff alleges that contrary to Defendant's
25 store policies, Defendant did not retain copies of the video
26 surveillance tape, misplaced photographs of Plaintiff on the floor
27 after the incident, and has not produced sweep sheets of the area.
28

9

(Id. at 5-7.)  Plaintiff alleges that failure to produce the sweep sheets prevents Plaintiff from proving actual or constructive notice.  (Id. at 8.)  Failure to produce the videotape and photographs prevents Plaintiff from showing that Defendant breached its duty to keep the premises in a reasonably safe condition.  (Id. at 9.)

Plaintiff, then, need only show that Defendant failed to preserve the evidence after Defendant anticipated litigation with respect to the incident.  Zubulake, 220 F.R.D. 212, 216 (S.D.N.Y. 2006).  Other courts have found that a duty to preserve in anticipation of litigation arises, for example, when a plaintiff files an Equal Employment Opportunity Commission charge. Id.  In this case, Defendant claims that Defendant's employees did not complete an accident report even though Defendant's store policies so required because they believed Plaintiff and her son "would return the forms if her injuries were serious."  (Resp. to Mot. to Strike at 3 (#20).)  Defendant further claims that because there was no accident report, "the process of collecting the videotape and preserving the photographs broke down and these two pieces of evidence were not preserved." (Id.)  When Plaintiff's attorney contacted Defendant to request this evidence on April 30, 2008, nearly three months after the incident, the video of the incident had been recorded over and the photographs lost. (Id.)  Finally, Defendant contends that no sweep logs were kept with respect to the area where the incident occurred. (Id. at 17.)

Here, the duty to preserve the evidence arose, at the latest, on April 30, 2008, when Plaintiff's attorney contacted Defendant to

10

request the evidence. (Id.)  We find that Plaintiff has not shown that Defendant destroyed or lost the video and photographs either with culpable intent or in a negligent and possibly reckless manner after Defendant's duty to preserve the evidence arose.  Viewing the evidence in the light most favorable to Defendant, the non-moving party, we find that a conflict in testimony is not a basis to conclude at the summary judgment stage that sweep log evidence was destroyed.  (Id.)  We therefore find that there was no spoliation of evidence by Defendant, and Plaintiff's motion (#16) to strike answer and for summary judgment will be denied.

## VI. Conclusion

Defendant's motion (#11) for summary judgment will be denied because Plaintiff has presented some evidence that, if taken in the light most favorable to Plaintiff, indicates there was a slippery substance on the ground and Defendant had constructive notice of the presence of such substance.  A reasonable jury may therefore find that the substance was the cause of Plaintiff's fall.

Plaintiff's motion (#16) to strike answer and for summary judgment will be denied because Plaintiff has not shown that Defendant destroyed or lost the video and photographs either with culpable intent or in a negligent and possibly reckless manner after Defendant's duty to preserve the evidence arose.  Further, we find that a conflict in testimony is not a basis to conclude at the summary judgment stage that sweep log evidence was destroyed.

11

1    **IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion (#11)
2 for summary judgment is **DENIED**.
3    **IT IS FURTHER ORDERED** that Plaintiff's motion (#16) to strike
4 answer and for summary judgment is **DENIED**.

6 DATED: August 9, 2011.

                                    _____
                                    UNITED STATES DISTRICT JUDGE